IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| L.S., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 10-0571-WS-C |
| ) | |
| T.W., *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## ORDER

This matter comes before the Court on defendants' Motion to Dismiss (doc. 11). All deadlines in the court-established briefing schedule having expired, the Motion is now ripe for disposition.

**I.  Nature of the Case.**

Plaintiff, L.S., the grandmother of a minor child, became embroiled in custody litigation with the child's mother, defendant T.W., in the Circuit Court of Perry County, Alabama. When the trial judge ruled in favor of T.W. on the custody dispute, L.S. sought to appeal to the Alabama Court of Civil Appeals. However, L.S. did not give notice of appeal within the 14-day period prescribed by Rules 1(B) and 28(C) of the Alabama Rules of Juvenile Procedure.[1] On that basis, the Alabama Court of Civil Appeals rejected L.S.'s appeal as untimely, and the Alabama Supreme Court denied her ensuing petition for writ of certiorari.

Having thus been stymied in state court, L.S., by and through her counsel of record, filed her Complaint in this action in this District Court on October 16, 2010, naming as defendants T.W., John H. Wilkerson, Jr., and Robert G. Esdale, Sr. Wilkerson is the Clerk of the Alabama

---

[1] In the Amended Complaint in this case, plaintiff repeatedly refers to Rule 28(2) of the Alabama Rules of Civil Procedure. However, there is no such rule in the Alabama Rules of Civil Procedure, Rule 28 of which is titled, "Persons Before Whom Depositions May Be Taken." As such, it is evident that plaintiff intended to refer to Rule 28 of the Alabama Rules of Juvenile Procedure, and not the Rules of Civil Procedure counterpart.

Court of Civil Appeals, while Esdale is the Clerk of the Alabama Supreme Court. Both are sued solely in their official capacities. Plaintiff's Amended Complaint (doc. 9) asks this Court to declare that the filing deadlines imposed by Rules 1(B) and 28(C) are in violation of the Equal Protection and Due Process clauses of the Fourteenth Amendment, as applied in this case. According to plaintiff, imposing a 14-day filing deadline on notices of appeal in this juvenile court case (rather than the 42-day deadline applicable in most other cases) "is disparate treatment, unsupported by any rational basis, which deprives her of Equal Protection of the Law and Due Process of Law under the Fourteenth Amendment to the Constitution of the United States." (Doc. 9, ¶ 23.) Plaintiff further asks this Court to enjoin Wilkerson and Esdale from enforcing Rule 28(C) and to require them to accept plaintiff's appellate brief as timely filed.

Wilkerson and Esdale have now moved to dismiss this action in its entirety on several grounds. Despite being given notice and a full and fair opportunity to be heard, L.S. elected not to file any response to the Motion to Dismiss.[2]

## II. Analysis.

Numerous authorities have explained that a party's failure to respond to a motion may constitute abandonment of the challenged claims in that motion. *See, e.g., Hooper v. City of Montgomery*, 482 F. Supp.2d 1330, 1334 (M.D. Ala. 2007) ("Hooper has not responded to Defendants' arguments concerning the dismissal of the state law claims … and, consequently, the court finds that Hooper has abandoned these claims"); *Hudson v. Norfolk Southern Ry. Co.*, 209 F. Supp.2d 1301, 1324 (N.D. Ga. 2001) ("[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned") (citation omitted); *United States v. Korman*, 2009 WL 2195136, *1 (S.D. Fla. Apr. 23, 2009) ("Defendant's failure to respond to the merits of the United States' contentions regarding his counterclaim may constitute an abandonment of the issues raised in the Motion."). Notwithstanding the foregoing, the Court will evaluate defendants' Motion to Dismiss on the merits. There is, however, an important caveat: Plaintiff's decision not to proffer facts or law in response to the Motion to Dismiss after being ordered to do so is at her peril. Federal courts

---

[2] In particular, the undersigned entered an Order on December 20, 2010, ordering that "[a]ny party opposing this Motion must file a response, supported by legal authority as appropriate, on or before **January 4, 2011**." (Doc. 12.) Plaintiff has filed nothing in this action in the wake of the December 20 Order.

generally do not develop arguments that the parties could have presented but did not. *See, e.g., Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment" and "the onus is upon the parties to formulate arguments"); *Pears v. Mobile County*, 645 F. Supp.2d 1062, 1081 n.27 (S.D. Ala. 2009) ("The parties having chosen not to brief this issue thoroughly, they cannot be heard to balk if the undersigned does not perform their research and develop their arguments for them.").

Defendants have identified several legal grounds in support of their Motion to Dismiss; however, this Court's analysis need proceed no further than the *Rooker-Feldman* doctrine. This jurisdictional doctrine bars "lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010) (citations and internal quotation marks omitted); *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009) ("Generally speaking, the *Rooker-Feldman* doctrine bars federal district courts from reviewing state court decisions."). Despite recent Supreme Court opinions stressing the narrowness of the doctrine, the law is clear that *Rooker-Feldman* "continues to apply with full force to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (citation and internal quotation marks omitted). Simply put, the *Rooker-Feldman* doctrine precludes a party who lost in state court from seeking "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown*, 611 F.3d at 1330.

This case falls squarely within the confines of the *Rooker-Feldman* doctrine. According to exhibits appended to the Amended Complaint, the Alabama Court of Civil Appeals entered a ruling in the underlying case on April 6, 2010 that "the appeal in the above styled case be, and the same is hereby dismissed as untimely filed." (Doc. 9, Exh. 1.) And the Alabama Supreme Court entered a Certificate of Judgment in the underlying case on September 10, 2010, reading "Writ denied. No opinion." (Doc. 9, Exh. 2.) So Alabama's appellate courts fully and finally rejected L.S.'s appeal as untimely. After those state-court proceedings concluded and all state-court appeals had been exhausted, L.S. came to federal court asking this Court to overturn the

Alabama courts' rulings by declaring that such decisions denied L.S.'s federal rights and ordering the Alabama appellate courts "to accept the brief of plaintiff as being timely filed." (Doc. 9, at 4.) So L.S. is effectively seeking a federal district court ruling that the final state judgment violates her federal rights and is requesting that this Court direct the state courts to accept filings that they have already fully and finally rejected. This kind of *de facto* appeal of the state-court judgment by a state-court loser is precisely what the *Rooker-Feldman* doctrine says this Court lacks jurisdiction to do. Plaintiff has come forward with no argument or authority tending to show that *Rooker-Feldman* principles are inapplicable here, and the undersigned is aware of none.[3]

### III. Conclusion.

For all of the foregoing reasons, defendants' Motion to Dismiss (doc. 11) is **granted**, and this action is **dismissed with prejudice** for want of federal jurisdiction.[4]

DONE and ORDERED this 24th day of January, 2011.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Eleventh Circuit has explained that the *Rooker-Feldman* doctrine bars federal court jurisdiction where: (1) "the party in federal court is the same as the party in state court," (2) "the prior state court ruling was a final or conclusive judgment on the merits," (3) "the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding," and (4) "the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." *Nicholson*, 558 F.3d at 1272 (citations omitted). Each of these circumstances is present here. It is true that "[a]n exception to the *Rooker-Feldman* doctrine exists where a federal statute authorizes federal appellate review of final state court decisions." *Dale v. Moore*, 121 F.3d 624, 627 (11th Cir. 1997). But plaintiff has identified no such statute that applies here.

[4] The Court recognizes, of course, that only defendants Wilkerson and Esdale filed a Motion to Dismiss, and that defendant T.W. did not. But the Amended Complaint in this case does not seek any relief from T.W., but instead seeks declaratory and injunctive relief from Wilkerson and Esdale that would force Alabama's appellate courts to accept L.S.'s appellate papers in the underlying case as timely filed. Inasmuch as the Amended Complaint identifies no independent remedy sought as against defendant T.W., dismissal of plaintiff's claims against the two Clerk of Court defendants is likewise dispositive as to any and all claims asserted herein against defendant T.W.